IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSHON MALEKE HARMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOCTOR RICHARD MACK, et al.,<br><br>　　　　Defendants. | No. C 10-4053 LHK (PR)<br><br>ORDER DIRECTING<br>PLAINTIFF TO LOCATE<br>UNSERVED DEFENDANTS;<br>INSTRUCTIONS TO CLERK |

  Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 24, 2010, the Court issued an order of service directing the Clerk of the Court to issue summonses on named Defendants. On December 27, 2010, summonses were returned executed as to Defendants Kachare, Mack, Bowman, Sevier, Remington, Pajong-Do, and Pompan. Summonses were returned unexecuted as to Rodriguez and Moses. The notation on both summonses indicated that, because Rodriguez and Moses were not at the facility, California State Prison-Corcoran would not accept service on their behalf. (Docket Nos. 46, 47.) On May 9, 2011, the Litigation Coordinators at Salinas Valley State Prison filed letters to the Court regarding service upon Defendants Remington, Bowman, and Kachare. Those letters indicated that, contrary to the previous summonses that were returned executed, the prison was unable to reach those Defendants for service. (Docket Nos. 44, 45, 46.) Accordingly, Defendants Remington, Bowman, and Kachare have also not been served.

  Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a

showing of "good cause," is subject to dismissal without prejudice as to the unserved Defendants. *See* Fed. R. Civ. P. 4(m). In cases wherein the Plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he requested that official be served).

Because Plaintiff has not yet provided sufficient information to allow the Marshal to locate and serve Defendants Kachare, Remington, Bowman, Rodriguez, and Moses, Plaintiff must remedy the situation or face dismissal of his claims against said Defendants without prejudice. *See Walker*, 14 F.3d at 1421-22. Accordingly, Plaintiff must provide the Court with accurate and current information for Defendants Kachare, Remington, Bowman, Rodriguez, and Moses such that the Marshal is able to effect service upon them. **Failure to do so within thirty days of the date this order is filed will result in the dismissal without prejudice of the claims against Defendants Kachare, Remington, Bowman, Rodriguez, and Moses.**

Plaintiff is also reminded that it is his responsibility to prosecute this case. Mail sent to Plaintiff on April 13, 2011, was returned as undeliverable on April 25, 2011. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's

orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). **The Clerk is directed to change Plaintiff's address to Tyshon Harmon, #K-08935, CSP-L.A. County, P.O. Box 4610, Lancaster, CA 93539.**

IT IS SO ORDERED.

DATED: 5/24/11

LUCY H. KOH
United States District Judge