1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 TYSHON MALEKE HARMON,   )   No. C 10-4053 LHK (PR)
                           )
12        Plaintiff,       )   ORDER GRANTING DEFENDANTS'
                           )   MOTION FOR PROTECTIVE ORDER
13    v.                   )   AND STAYING DISCOVERY;
                           )   DENYING PLAINTIFF'S MOTION TO
14 DOCTOR RICHARD MACK, et al., )   FILE AMENDED OPPOSITION AND
                           )   OTHER MOTIONS
15        Defendants.      )
                           )
16 _____)   (Docket Nos. 53, 82 & 83)

17      Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42

18 U.S.C. § 1983 alleging that various Salinas Valley State Prison ("SVSP") officials violated his

19 constitutional rights.

20      On June 29, 2011, Defendants filed a motion for summary judgment, (Docket no. 54),

21 and a motion for protective order to stay discovery pending ruling on their motion for summary

22 judgment, which includes an assertion of qualified immunity. (Docket no. 53.) A district court

23 has broad discretion to stay discovery pending the disposition of a dispositive motion. *See*

24 *Panola Land Buyers Ass'n v. Shuman*, 762 F. 2d 1550, 1560 (11th Cir. 1985). However,

25 motions to stay discovery are not favored where resolution of the dispositive motion may not

26 dispose of the entire case. *Id.* Here, should Defendants' motion for summary judgment be

27 granted, it would dispose of the entire case. Moreover, the Court should stay discovery until it

28

Order Granting Defendants' Motion for Protective Order and Staying Discovery; Denying Plaintiff's Motion to File
Amended Opposition and Other Motions
P:\pro-se\sj.lhk\cr.10\Harmon053misc4

resolves the question of qualified immunity. *See Craford-El v. Britton*, 523 U.S. 574, 598 (1998). Accordingly, the Court GRANTS Defendants' motion for protective order, and STAYS discovery until disposition of Defendants' motion for summary judgment.

On February 3, 2012, Plaintiff filed a motion to be permitted to amend or to file a supplement to his opposition filed on September 12, 2011, (Docket no. 82), and a motion to file excess pages, (Docket no. 83). In his motion to amend, Plaintiff also includes a motion to stay ruling on Defendants' motion for summary judgment so that he can obtain more discovery, and a motion for appointment of counsel. (Docket no. 82 at 2.) The motion to file an amended opposition or supplement thereto is DENIED for lack of good cause. Plaintiff was afforded an opportunity to file an opposition, which he did, and he fails to show good cause why he should be permitted to file an additional brief at this juncture. The matter became submitted upon Defendants' filing of a reply on September 26, 2011, (*see* Docket no. 73), and will be decided in a separate order. Accordingly, Plaintiff's motion to file excess pages is DENIED as moot. (Docket no. 83.)

Plaintiff's motion to stay ruling on Defendants' motion for summary judgment is DENIED in light of the Court's stay of discovery. Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). The issues in this case are not particularly complex, and Plaintiff has thus far been able to adequately present his claims. The denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

This order terminates docket numbers 53, 82 and 83.

IT IS SO ORDERED.

DATED: 3/7/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge